IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV126-03-MU

| | |
|---|---|
| DUDLEY LEVON SKIPPER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RAYMOND HAMRICK, et. al., )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 3, 2008. (Document No. 1. )

Plaintiff provides a list of unrelated incidents in his Complaint. His list is made up of a series of complaint regarding his living conditions and includes no facts or details in support.[1] First, he complains that his food is cold and his salad is spoiled. He also complains about the quantity of his food and that he was given dairy products in violation of his right to religion, although he does not articulate any specific religion or why dairy is prohibited. He complains that the shower is not clean, the toilet water ran onto the floor and the water is not fit to drink. He complains about being denied medical, but does not articulate any specific medical care that he was denied or when it was so

---

[1] The Court notes that an identical complaint was filed in this Court on the same day as this Complaint by another prisoner at the same institution. **See 1:08cv125**. The only difference is that the plaintiff in that case included copies of grievances in support of his claims and tending to show that the incidents of which he complained happened to him, personally. The Plaintiff in the instant case did not include any such grievances, but listed, in his Complaint in response to question III B1,2 and 3, the same dates, the same issues and the same results of his grievances as the plaintiff in 1:08cv135. The Court finds it hard to believe that the Plaintiff in the instant case and the plaintiff in 1:08cv125 suffered from the very same violations on the same dates including, but not limited to, improper medical care and the opening of legal mail.

1

denied. Plaintiff alleges that the beds are too high and that he does not get enough fresh air. Finally, Plaintiff alleges that his mail has been opened. With respect to all the complaints on Plaintiff's list, he does not includes any details supporting his claim, nor does he alleges any injury. While it is true that under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. V. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cri. 1994), quoting, Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint contains no factual support for his list of unrelated complaints concerning living conditions. Moreover, such Complaint fails to state a claim for relief, and for the reasons stated in this Order, Plaintiff's Complaint must be dismissed.

First, Plaintiff list "Raymond Hamrick, Sheriff" in the caption of his Complaint however he is not mentioned again in the body of the Complaint as having had any personal contact with the Plaintiff with respect to any of his allegations regarding living conditions. The Court assumes that Mr. Hamrick was named in his supervisory capacity. However, the Court notes that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there are no allegations that this Defendant instituted any official policy that any other Defendant was following which caused Plaintiff's alleged

2

constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Hamrick. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982) Therefore Mr. Hamrick is dismissed.

Plaintiff's medical complaint against Sargent Mark Davis does not state a claim for relief. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). As an initial matter, the Court notes that no medical staff are named in the Plaintiff's Complaint. Next, Plaintiff does not allege any injury for which he was denied medical care. Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Here, Plaintiff does not allege any excessive risk to his health or safety and does not name any medical staff. Plaintiff has failed to state a claim for relief for an Eighth Amendment violation.

Plaintiff's claim regarding his food also must fail. Plaintiff claims that Defendant Perry Hatcher had something to do with his food being cold, his salad spoiled and his receiving dairy

products despite his religious affiliation, which is not known to this Court. Plaintiff's Complaint does not contain any information as to what his dietary constraints are or when his tray was incorrectly prepared with respect to his receiving dairy. He does not allege any illness or injury with respect to his food being cold, his salad spoiled or the quantity of food he did receive. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects). In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need. Wilson v. Seiter, 501 U.S. 294, 302-303 (1991). Plaintiff has not satisfied these elements in his conlcusory Complaint.

Next, Plaintiff complains that he does not get enough fresh air, however, Plaintiff provides no facts or details to support his general complaint. The Court presumes that this complaint is an attempt to argue insufficient exercise. However, the Fourth Circuit has found that there is no Constitutional violation when inmates have access to indoor room and are encouraged to use such room for exercise and physical activity. Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980). Plaintiff does not argue that he goes without exercise and his claim that he does not get enough fresh air does not state a Constitutional violation.

Plaintiff contends that the showers are not clean, the water is not fit to drink and toilets have run over onto the floor. To be sure, sanitation conditions are serious, however, in order to state a Constitutional violation, such conditions must cause serious deprivation to which prison officials are deliberately indifferent. Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). Leaking ceilings, pigeons sometimes nesting in the building, occasional mold in showers, old buildings, and single exit

4

from cellhouse, were found not constitutionally significant. Shrader v. White, 761 F.2d 975, 983-84 (4th Cir. 1985). . Here, Plaintiff simply listed, among his other complaints, that the shower is not clean, the water is not fit to drink, and the toilet water ran over onto the floor. Plaintiff has not stated any significant deprivation, therefore his claim shall be dismissed.

Plaintiff complains that the beds are not the correct height, causing poor posture. Plaintiff's complaint about the bed height does not rise to a Constitutional violation and is dismissed.

Finally, Plaintiff complains that legal mail was opened. With respect to the opening of legal mail, Plaintiff does not provide any facts supporting his claim except that "legal mail being opened. i.e. forms missing from the letters." (Complaint ¶ 5.) The law regarding legal mail states that legal mail may be opened to protect against contraband. Wolff v. McDonnell, 418 U.S. 539, 577 (1974). In order to be classified as legal mail, the legal sender must be specifically identified and the mail must be marked confidential. If such mail is not so marked, it may be opened outside an inmate's presence. United States v. Scott, 925 F.2d 83, 88-90 (4th Cir. 1991). To the extent that this claim amounts to a complaint regarding Plaintiff's access to the Courts, such claim must fail because Plaintiff has not alleged any injury such that his ability to pursue a legal claim was hindered. Lewis v. Casey, 518 U.S. 343, 351-52 (1996). In short, Plaintiff's claim is conclusory and lacks any facts or detail to support his claim. Moreover, Plaintiff has failed to articulate an actual injury in connection with this claim. As such, his claim is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: April 14, 2008

Graham C. Mullen
United States District Judge